JOHN M'GREGOR *et al. versus* HENRY C. BROWN,

Where the return day of an execution levied on land falls within the time allowed by law for recording the execution in the registry of deeds, if the officer does not either cause it to be duly recorded, or return it into the clerk's office on or before the return day, or deliver it to the creditor in season to be put upon record, he will be liable to the creditor for the value of the land lost by his neglect.

The title of a creditor who attaches and levies on land, but does not get his execution recorded in the registry of deeds until after three months from the levy, is invalid against a creditor who obtains a title to the same land by attachment and levy, or by deed, between the first creditor's attachment and the registry of his execution.

Where land is attached under one description and levied on under another, parol evidence is admissible, on a question of title, to show that both descriptions refer to the same land.

THIS was an action of the case against the defendant as sheriff, for an alleged default of Ralph Deming, one of his deputies.

On the 17th of April, 1820, the plaintiffs sued out a writ of attachment against Edmund Kelso, which was delivered to Deming to be served, and upon which he returned, that on the day of its date he attached two pieces of land in Becket as the property of Kelso, one of which he described as containing about five acres &c., the other, as " the undivided half of a certain clothier's-works, lying in Becket near Mr. Millard's, with the land and water privileges thereto belonging." The plaintiffs recovered judgment in the suit against Kelso, at June term 1821 of the Court of Common Pleas, for 2,500 dollars damages, and they sued out a writ of execution for that sum, dated July 2, 1821, returnable to the clerk's office 'n three months from the date, and within thirty days from the rendition of judgment delivered the same to Deming to be executed. It appeared by Deming's return on the execution, that he extended it, on the 17th of July, 1821, upon the first

---

[2] See Revised Stat. *c.* 132

mentioned piece of land, the same being appraised at 280 dollars, and on the 18th of July, upon an undivided moiety of another piece of land, appraised at 125 dollars, which he described in his return, as " a piece of land with a carding machine, building, and all the water privileges thereto belonging," &c.

The neglect of duty alleged against Deming was, that " he did not return said writ of execution according to the pre cept thereof, or cause the same to be registered according to law." And it was alleged that a part of the real estate extended on was attached and legally extended on by another creditor and the residue sold by Kelso, and that the plaintiffs wholly lost the benefit of their extent. The plaintiffs' execution was received at the register's office, to be registered, on the 20th of October, 1821, and was returned to the clerk's office on the 18th of February, 1822.

It was proved that one Snow attached a part of the first mentioned piece of land as Kelso's property, on the 20th of June, 1820 ; that he recovered judgment against Kelso at October term 1820, and on the 29th of November following extended his execution on the land by him attached ; and that Kelso conveyed the rest of that piece to one Messinger by deed dated April 25th, 1821 ; that one Chapman, on the 10th of June, 1820, attached, on a writ against Kelso, a piece of land and other property, described in the officer's return on that writ, as " one carding machine, one picking machine, and the building which contained the same," &c., and afterwards, on the 27th of October, 1820, levied his execution upon the property so attached.

The defendant contended that the plaintiffs were not en titled to recover damages on account of the carding machine building, and the land on which it was situated, because the same did not belong to Kelso at the time of the extent of the plaintiffs' execution, and were not returned as attached by Deming on the original writ. The plaintiffs offered parol evidence that the property attached by Deming on the plain tiffs' original writ by the name of " a clothier's-works," was intended for the same property that was set off on their execution by the name of " a carding machine building," &c.

172

M'Gregor
*v.*
Brown.

This evidence was objected to by the defendant, but was admitted.

The defendant contended that he was not liable upon the foregoing facts, because it was not the officer's duty to cause the plaintiffs' execution to be registered, but the duty of the plaintiffs ; that if they had caused their execution to be registered in due season, their title would have been perfected, and that as the facts now were, the plaintiffs had a title to the land and had lost nothing by their execution's not being returned at the proper time.

It appeared by the return of the officer on the execution of *Snow* against *Kelso*, that he included the sum of 11 dollars and 20 cents for his fees and costs of setting off the land on that execution, but did not return any statement or account showing for what those fees and costs were charged. The defendant contended that this charge, in this form, was illegal, and being included in the appraisal, and land being set off to an amount sufficient to satisfy that sum, besides the debt, the extent was void. This objection was overruled.

*Wilde* J. instructed the jury, that if they believed that the piece of land attached by Deming under the name of a clothier's-works was the same that was set off by him on the execution under the name of a carding machine building, they should return a verdict for the plaintiffs for the whole amount ; but otherwise, only for the loss of the other piece of land set off on the plaintiffs' execution. The jury returned a verdict in favor of the plaintiffs for the loss of both pieces of land.

If these instructions were wrong, a new trial was to be granted, or if the parol evidence ought not to have been admitted, and the Court should be of opinion that the plaintiffs were entitled to recover, the verdict was to be altered so as to conform to the opinion of the Court.

*Sept.* 18*th.*    *Jones* and *Byington,* for the defendant, to show that the officer was not required to cause the plaintiffs' execution to be registered, referred to *Waterhouse* v. *Waite,* 11 Mass. R. 207, and *Tobey* v. *Leonard,* 15 Mass. R. 200. Neither is he liable to damages for not returning it into the clerk's office at the return day, the creditor's title being perfected by a

M'Gregor<br>*v.*<br>Brown.

return made at any time before the execution is used as evidence of such title. *Prescott* v. *Pettee*, 3 Pick. 331. It was incumbent on the plaintiffs to request the officer to deliver them the execution ; *Tobey* v. *Leonard ubi supra;* and the request should have been averred in the declaration.

But the plaintiffs mistake in thinking that they have not a valid title. The object of registry is merely to give notoriety to conveyances, and notice express or implied is equivalent, whether the conveyance is by a levy of execution or by deed. *Farnsworth* v. *Childs*, 4 Mass. R. 637 ; *Pidge* v. *Tyler*, ibid. 543 ; *Priest* v. *Rice*, 1 Pick. 164 ; *M'Lellan* v. *Whitney*, 15 Mass. R. 139. Snow and Chapman made their attachments and Messinger received his deed during the pendency of the plaintiffs' suit, and must be presumed to have known of their prior attachment. The fact that their execution was put on record so soon after the expiration of three months from the levy, rebuts any presumption of an intent to abandon their lien.

The parol evidence objected to was inadmissible. One cannot ascertain by the records that the property attached was the same that was levied on, and if the parol evidence is admitted, it becomes a substitute for the written title. *King* v. *King*, 7 Mass. R. 496 ; *Williams* v. *Brackett*, 8 Mass. R. 240 ; *Dwight* v. *Pomeroy*, 17 Mass. R. 303. If the officer made a false return of the attachment, that is not the subject of the present suit.

**174**

To show that the levy of Snow's execution was void, for the reason stated at the trial, they cited *St.* 1795, *c.* 41 ; *Chickering* v. *Lovejoy*, 13 Mass. R. 56 ; *Willis* v. *Crooker.* 1 Pick. 204.

*Gold, contrà,* cited to the point that the plaintiffs had lost the land in consequence of their execution and the doings thereon not being recorded, *Foster* v. *Briggs*, 3 Mass. R. 316 ; *Ladd* v. *Blunt*, 4 Mass. R. 402 ; and in relation to the admission of parol evidence, *Bott* v. *Burnell*, 11 Mass. R. 163 ; *Waterhouse* v. *Waite*, ibid. 207.

*Per Curiam.* It is clear from the case of *Waterhouse* v. *Waite* that it is not incumbent on the officer to cause an

*Sept.* 21st

M'Gregor
v.
Brown.

execution levied on land to be recorded.[1]　But it is his du y to enable the creditor to have it put on record.　Merely not returning the execution to the clerk's office within three months after the levy, will not in all cases subject him to damages, as appears by the case of *Tobey v. Leonard*.[2]　But there the execution was returned at the return day ; here it was not ; and the Court are of opinion, that it not being duly returned so that the plaintiffs might obtain it of the clerk, the sheriff became liable, unless he should prove that it was delivered to the plaintiffs in time to have it recorded.　No evidence of that sort has been offered.

We see no valid objection to the admission of the parol evidence.　It did not add to, nor contradict the return, but was introduced to show that the land levied on under one description was the same as that which had been attached under a different description.

As to the right of property, it is said that the subsequently attaching creditors cannot hold the land, for that they had notice of the plaintiffs' attachment ; and the case has been likened to one in which a party has notice of a prior unrecorded deed.　But the same principle does not apply in the case of a prior attachment.　It does not appear that the intervening creditors knew that the plaintiffs would recover a judgment and would levy on the land ; and besides, all creditors who are in pursuit of satisfaction of their debts by means of attachment, are considered as running a race on equal ground, and each is entitled to take advantage of defects in the proceedings of the others.　See *Cushing v. Hurd*, 4 Pick. 253.[1]

---

[1] This is now made a part of the duty of the officer, by Revised Stat c 73, § 17.

[2] The time of returning into the clerk's office an execution extended on land, is not material, if it has been recorded in the registry of deeds within three months after the extent.　*Emerson v. Towle*, 5 Greenl. 197; *Welsh v. Joy*, 13 Pick. 481.

[1] See Revised Stat. *c.* 73, § 18; *M'Mechan v. Griffin*, 3 Pick. (2d ed ) 154 157, notes, and cases there collected.